[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action for legal malpractice. In February, 1994 the plaintiffs disclosed Attorney Thomas D. McHugh as their expert witness. However, plaintiffs have been precluded from using Mr. McHugh as an expert witness because they did not disclose him within 60 days of claiming the case to the trial list as required by Section 220(D) of the Practice Book. Defendant Kellogg now moves for Summary Judgment, claiming that the plaintiffs cannot prove a legal malpractice case without an expert witness.
The court finds that the defendant himself has shown in his deposition that he has had sufficient experience in commercial transactions to qualify as an expert.
"The plaintiff may rely on the defendant's testimony to meet its burden of producing positive evidence of an expert nature from which the jury could reasonably and logically conclude that the defendant was negligent." Williams v. Chameides, 26 Conn. App. 818, 823, citing Snyder v. Pantaleo,143 Conn. 290, 294; Todd v. Malafronte, 3 Conn. App. 16, 19.
The motion for summary judgment is denied.
Allen, State Trial Referee